**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4557**

———————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

NORMAN ALAN KERR,

                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., Senior District Judge.  (1:09-cr-00290-NCT-1)

———————

Submitted:  September 13, 2011      Decided:  September 15, 2011

———————

Before AGEE, DAVIS, and DIAZ, Circuit Judges.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

Dhamian A. Blue, BLUE STEPHENS & FELLERS LLP, Raleigh, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Robert A. J. Lang, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Norman Alan Kerr was convicted after a jury trial of one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2006), and was sentenced to 268 months' imprisonment. On appeal, Kerr challenges his sentence, arguing that the district court erred in denying his March 9, 2010 motion for substitution of counsel and in sentencing him as an armed career criminal. We vacate and remand for resentencing.

Although a criminal defendant has a right to counsel of his own choosing, that right is "not absolute" but is limited so as not to "deprive courts of the exercise of their inherent power to control the administration of justice." United States v. Gallop, 838 F.2d 105, 107-08 (4th Cir. 1988). Thus, a defendant's right to substitute counsel after the court's initial appointment is restricted, and the defendant must show good cause as to why he should receive substitute counsel. Id. at 108. We review for abuse of discretion the district court's ruling on a motion for substitute counsel. United States v. Reevey, 364 F.3d 151, 156 (4th Cir. 2004). When analyzing the district court's decision on a motion for substitution, we consider three factors: "(1) the timeliness of [the motion]; (2) the adequacy of the court's inquiry into [the defendant's] complaint about counsel; and (3) whether [the

2

defendant] and his counsel experienced a total lack of communication preventing an adequate defense." Id. (internal quotation marks omitted).

Application of these factors convinces us that the district court did not abuse its discretion in denying Kerr's motion for substitution. The motion was timely filed, as it was made over a month before the then-scheduled sentencing hearing. See United States v. Mullen, 32 F.3d 891, 896 (4th Cir. 1994) (finding motion for substitution filed twenty-seven days before trial timely). Although the district court inquired into the basis for Kerr's motion, we conclude the inquiry was not as thorough as it should have been because the court never asked defense counsel whether he believed communications with his client had broken down irretrievably or whether he thought he could continue to represent Kerr adequately.

However, we conclude that Kerr has not shown that his attorney was unable to represent him adequately at sentencing. Kerr claims in conclusory fashion that his inability to communicate with counsel effectively prevented communication concerning his history and characteristics and hampered the potential for gathering evidence and presenting witnesses at sentencing. Further, although Kerr claims that counsel objected to the presentence report's determination that Kerr was an armed career criminal without the benefit of a "full and complete"

3

consultation with Kerr, he fails to explain what more counsel should have done or how his interests at sentencing would have been served by a more "full" or "complete" consultation. Moreover, the record discloses that counsel challenged Kerr's designation as an armed career criminal assiduously, if unsuccessfully, and argued for a sentence below the Guidelines range recommended in the presentence report. Kerr has not demonstrated that his counsel was unable to represent him adequately at sentencing. We therefore conclude that the district court did not abuse its discretion in denying Kerr's motion for substitution of counsel.

We turn now to Kerr's challenge to his designation as an armed career criminal. A defendant is properly designated an armed career criminal if he is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) (2006). U.S. Sentencing Guidelines Manual § 4B1.4(a) (2009). The enhanced sentence under 18 U.S.C. § 924(e) applies to a defendant who violates 18 U.S.C. § 922(g) and has "three previous convictions . . . for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). To qualify as a "violent felony," the conviction must be "punishable by imprisonment for a term exceeding one year." Id. § 924(e)(2)(B).

4

Kerr argues that none of the prior convictions on which his armed career criminal classification was based—his North Carolina state convictions for breaking and entering—was punishable by imprisonment for a term exceeding one year. See N.C. Gen. Stat. § 15A-1340.17(c)-(d) (2009) (setting forth minimum and maximum sentences applicable under North Carolina's sentencing scheme). When Kerr raised this argument in the district court, it was foreclosed by our decision in United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005). Subsequently, however, we overruled Harp with our en banc decision in United States v. Simmons, ___ F.3d ___, No. 08-4475, 2011 WL 3607266 (4th Cir. Aug. 17, 2011) (en banc), in which the defendant raised a similar argument under the Controlled Substances Act. In light of Simmons, we vacate the district court's judgment and remand to the district court for resentencing.[*]

---

[*] Although the parties agree that Kerr's North Carolina state convictions for breaking and entering are Class H offenses, the record on appeal does not disclose Kerr's prior record level or whether the state sentencing court made findings of mitigating or aggravating circumstances. See Simmons, 2011 WL 3607266, at *5 (stating that, for prior North Carolina convictions where no aggravating or mitigating circumstances are present, test is whether defendant could receive more than one year in prison based upon his offense class and prior record level). We express no opinion as to whether Kerr's prior state convictions qualify as armed career criminal predicates and leave this determination to the district court on remand.

5

We deny Kerr's motion to file a pro se supplemental brief and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED